(89 App. Div. 497.)

PEOPLE ex rel. CAMPBELL v. PARTRIDGE, Police Com'r.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CIVIL SERVICE—PROMOTION—TELEGRAPH OPERATORS—PATROLMAN.

 Const. art. 5, § 9, requires promotions in the civil service to be made according to merits, to be ascertained, as far as practicable, by competitive examination; and Laws 1899, p. 795, c. 370, passed in pursuance thereof, provides that telegraph operators in the city of New York shall rank as sergeants of police, and that the selection of captains shall be made from the list of sergeants. *Held*, that the designation of a patrolman as telegraph operator by the chief of police, intended to be permanent, was a "promotion," and, being made without an examination, was without effect; therefore he was not entitled to mandamus to compel the police commissioner to recognize him as telegraph operator of the police department.

Appeal from Special Term, Kings County.

Application by the people, on the relation of James Campbell, for writ of mandamus to compel John N. Partridge, as police commissioner, to recognize the relator as telegraph operator of the police department. From an order denying the writ, relator appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Ernest L. Crandall, for appellant.

James McKeen (Walter S. Brewster, on the brief), for respondent.

HOOKER, J. This is an appeal by the relator from an order denying a motion for a peremptory writ of mandamus commanding the respondent, as police commissioner, to recognize the relator as telegraph operator of the police department of the city of New York from the 2d day of August, 1900, with the rank and compensation of a sergeant of police from that time. The relator was appointed a patrolman of the police force of the mayor, aldermen, and commonalty of the city of New York in 1891, and by virtue of the consolidation

became on January 1, 1893, a member of the police force of the city of New York, as patrolman. On the 2d day of August, 1900, the chief of police notified the police board of the city of New York that he had transferred, detailed, and assigned the relator to duty in the telegraph bureau, and he has since continued there as an operator. The appellant urges that this action was in fact an appointment of the relator as a telegraph operator, and carried with it the rights and privileges thereof, including the rank and pay of a sergeant of police.

The view taken at Special Term is correct. The learned justice deciding the motion said:

"A patrolman made a telegraph operator becomes thereby of the rank of sergeant, and entitled to sergeant's pay. This is a promotion, and cannot be made except from an eligible list prepared by the civil service commissioners. The petitioner was never on such a list, and was not promoted from the office of patrolman, but was only assigned as a patrolman to do duty as a telegraph operator."

Section 9, art. 5, of the Constitution of the state of New York, provides that:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive: provided however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

Laws have been enacted to carry this section into effect (chapter 370, p. 795, Laws 1899), and the inquiry, so far as this case is concerned, resolves itself into the question, was the detail or designation of the relator as a member of the telegraph bureau a promotion? It is provided that telegraph operators of the city of New York shall have the rank and receive the salary of sergeants of police. The term "promotion" is defined as "an advancement, or the act of exalting in rank or honor" (Webster's Dict.), and as "advancement to a higher position, grade, class, or rank; preferment in honor or dignity." Standard Dict. 1898. In the police department of the city of New York a patrolman receives an annual compensation of $1,400 or less; those who rank as roundsmen receive an annual compensation of between $1,400 and $1,500; while those who rank as sergeants receive an annual compensation of not less than $1,500 nor more than $2,000. Patrolmen and roundsmen are not eligible to appointment as captains. The selection of those officers is made from the list of sergeants, or those who rank as sergeants, namely, detective sergeants and telegraph operators. The designation of the relator, a patrolman, as telegraph operator, was intended to be permanent, and was therefore a promotion, for it carried with it advancement in rank and class, together with an advancement in the salary to be received by him. Under the provisions of the Constitution and the civil service law, therefore, the relator's promotion could not be effected without an examination; and as there is no claim that his

name was ever upon an eligible list, or any of the civil service rules complied with in his designation, we think that the order was properly denied, and should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.